1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                      **FOR THE DISTRICT OF ARIZONA**
8
**JOSEPH A. MANCUSO,**                      )
9                                           )
            **Petitioner,**                 )
10                                          )
            **v.**                          )   **CIV 08-01366 PHX FJM (MEA)**
11                                          )
**DORA SCHRIRO and**                        )   **REPORT AND RECOMMENDATION**
12 **ARIZONA ATTORNEY GENERAL,**            )
                                            )
13          **Respondents.**                )
_____        )
14
**TO THE HONORABLE FREDERICK J. MARTONE:**
15
            On July 24, 2008, Petitioner filed a *pro se* petition
16
seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254.
17
Respondents filed an Answer to Petition for Writ of Habeas
18
Corpus ("Answer") (Docket No. 9) on December 10, 2008.
19
Respondents argue that Petitioner's claims are procedurally
20
defaulted and that Petitioner has not shown cause for, nor
21
prejudice arising from this default.  On December 17, 2008,
22
Petitioner filed a Reply to [the] Petition for Writ of Habeas
23
Corpus.  See Docket No. 10.
24
            **I Procedural History**
25
            On March 5, 2004, Petitioner was charged by means of a
26
grand jury indictment with four counts of fraudulent schemes and
27
artifices, one count of theft of a means of transportation, and
28

two counts of weapons misconduct.  Answer, Exh. A.  In July of 2006, approximately two years later, pursuant to a written plea agreement, Petitioner pled guilty to one count of fraudulent schemes and artifices.  Id., Exh. B.  In the written plea agreement Petitioner also admitted he had one prior felony conviction, i.e., a 1993 conviction for second-degree burglary. Id., Exh. B.

In exchange for Petitioner's guilty plea, the state dropped the remaining counts of the indictment, the allegation of other prior felony convictions, and the allegation that Petitioner was on community supervision status at the time of his alleged crimes.  Id., Exh. B.  Additionally, the Maricopa County Attorney's office agreed "not to file forgery charges arising out of" a 2005 Scottsdale Police Report.  Id., Exh. C. On August 18, 2006, pursuant to his conviction for fraudulent schemes and artifices, Petitioner was sentenced to the presumptive term of 9.75 years imprisonment and given credit for 529 days of presentence incarceration.  Id., Exh. C.

Petitioner filed a timely action seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on March 23, 2007, which in Arizona is construed as a first appeal "of right" when a defendant pleads guilty.  See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding an Arizona Rule 32 petition for post-conviction review is a form of "direct review" within the meaning of § 2244(d)(1)(A)); Answer, Exh. D.  Petitioner asserted various Arizona Rules of Criminal Procedure were violated during his criminal

-2-

proceedings, including his right to a speedy trial. <u>See</u> Answer, Exh. D. Petitioner further alleged he was entitled to relief because he was denied his right to the effective assistance of counsel, in that he was subjected to judicial and prosecutorial misconduct, and because he was denied his right to due process of law. <u>Id.</u>, Exh. D.

The Maricopa County Superior Court denied Rule 32 relief in a decision issued June 14, 2007. <u>Id.</u>, Exh. E. The state court found "that by pleading guilty Defendant has waived any non-jurisdictional defenses and defects including the alleged denial of his speedy trial rights." <u>Id.</u>, Exh. E. The state court also concluded Petitioner had not raised a colorable claim of ineffective assistance of counsel

> particularly because he has not shown anything to indicate that there is a reasonable probability that but for counsel's ineffectiveness, the result of the proceeding would have been different. [] In fact, the Court recalls that the factual basis for the plea was very powerful and Defendant was well represented by counsel who obtained a plea agreement for a sentence of only 9.75 years.

<u>Id.</u>, Exh. E.

Petitioner appealed this decision to the Arizona Court of Appeals, which denied review in a decision June 3, 2008. <u>Id.</u>, Exh. F.

Petitioner asserts in his federal habeas petition that he is entitled to relief because his right to be present at all stages of his criminal proceedings was violated. Petitioner also contends that his right to a speedy trial was violated and that he was subjected to both judicial and prosecutorial

misconduct.   Petitioner lastly asserts that he was denied his right to the effective assistance of counsel.

Respondents argue that Petitioner failed to properly and fully exhaust his federal habeas claims because Petitioner failed to raise these claims in the Arizona Supreme Court in his action for state post-conviction relief.   <u>See</u> Docket No. 9. Additionally, Respondents contend Petitioner did not fairly present his habeas claims to the state courts as claims that his federal constitutional rights were violated.   Respondents also contend some of Petitioner's claims allege violations of state law, which are not cognizable in a federal habeas action.

Petitioner's reply asks the Court to strike Respondents' answer to the petition because, Petitioner asserts, Respondents have filed a dispositive motion rather than an answer to the petition.   <u>See</u> Docket No. 10.   Petitioner also contends he "timely raised Arizona and federal constitutional violations that occurred in state court" in his action for state post-conviction relief, filed March 23, 2007, and in a petition for review by the Arizona Court of Appeals, filed on September 21, 2007.   <u>Id.</u>

Petitioner declares that the denial of his right to a speedy trial was "structural and has substantial injurious effect of denial of due process."   <u>Id.</u>   Petitioner contends he never waived his right to a speedy trial and that he never intentionally relinquished his right to a speedy trial.   <u>Id.</u> Petitioner also claims he is entitled to relief because the state trial judge was inherently prejudiced against him,

alleging that the judge violated Petitioner's right to due process by conducting hearings at which Petitioner was not present, granting continuances without Petitioner's consent, excluding 327 days "without cause and without Petitioner's knowledge," and because the judge conducted "ex parte meetings with prosecutor to effectively strategize the prosecution's case against Petitioner...." Id. Petitioner further asserts he was subjected to prosecutorial misconduct by the prosecutor's ex parte contact with the trial judge. Furthermore, Petitioner avers his counsel was unconstitutionally ineffective and his plea should be void because "he had no knowledge of the impending dismissal by the state of Count 4." Id.

**II Analysis**

**A. Exhaustion and procedural default**

The District Court may only grant relief on the merits of a federal habeas claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.

-5-

Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1]

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).  See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

Although Respondents contend that the Ninth Circuit's opinion in Swoopes was implicitly overruled by the United States Supreme Court's opinion in Baldwin v. Reese, 541 U.S. 27, 29 (2004), the undersigned is unaware of any Ninth Circuit or Arizona District Court opinion so holding and Respondents do not cite to any such case.  Accordingly, the undersigned concludes the Swoopes rule applies and that the "highest court" portion of the exhaustion test is met if a petitioner has presented his claim to the Arizona Court of Appeals.

_____

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2008).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state constitutional right or state law, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351; Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). See also Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007) ("a petitioner may provide further facts to support a claim in federal district court, so long as those facts do not fundamentally alter the legal claim already considered by the state courts"), cert. denied, 128 S. Ct. 1227 (2008).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2008). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is

satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.  See Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006); Castille, 489 U.S. at 351, 109 S. Ct. at 1060.  If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.  See, e.g., Woodford, 548 U.S. at 92-93, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988).  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly

presented to the Arizona courts.  See <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665 (9th Cir. 2005); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002). See also <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); <u>Ortiz v. Stewart</u>, 149 F.3d 923, 931-32 (9th Cir. 1998).

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice.  See <u>Dretke v. Haley</u>, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); <u>Schlup v. Delo</u>, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995).  A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See <u>Murray v. Carrier</u>, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986); <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).  To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged.  See <u>Dretke</u>, 541 U.S. at 393, 124 S. Ct. at 1852; <u>Wildman v. Johnson</u>, 261 F.3d 832, 842-43 (9th Cir. 2001).

**B.   Standard of review regarding exhausted claims**

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding.   See 28 U.S.C. § 2254(d) (1994 & Supp. 2008); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006).  When more than one state court has adjudicated a claim, the Court must analyze the last reasoned decision to determine if the state's denial of relief on the claim was clearly contrary to federal law.  See Barker v. Fleming, 423 F.3d 1085, 1091-92 & n.3 (9th Cir. 2005).

> A state court's decision is "contrary to" our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

Mitchell v. Esparza, 540 U.S. 12, 14, 124 S. Ct. 7, 10 (2003) (internal citations and quotations omitted).

If the state court's decision is contrary to clearly established law, the Court must review whether the petitioner's constitutional rights were violated without the deference to the state court decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires.   See Panetti v.

<u>Quarterman</u>, 127 S. Ct. 2842, 2858 (2007); <u>Rompilla v. Beard</u>, 545 U.S. 374, 390, 125 S. Ct. 2456, 2467-68 (2005); <u>Frantz v. Hazey</u>, 533 F.3d 724, 739 (9th Cir. 2008).

United States Supreme Court holdings at the time of the state court's decision are the source of "clearly established federal law" for the purpose of federal habeas review.  <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000); <u>Barker</u>, 423 F.3d at 1093.   The Court must decide whether the United States Supreme Court has "clearly established" the point of law Petitioner relies upon as a basis for habeas relief by examining the holdings of the Supreme Court, rather than the opinions of the lower courts or the Supreme Court's dicta.  <u>See</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71, 123 S. Ct. 1166, 1172 (2003).   Unless United States Supreme Court precedent has clearly established a rule of law, the writ will not issue based on a claimed violation of that rule, <u>see</u> <u>Alvarado v. Hill</u>, 252 F.3d 1066, 1069 (9th Cir. 2001), because federal courts are "without the power" to extend the law beyond Supreme Court precedent.  <u>See</u> <u>Dows v. Wood</u>, 211 F.3d 480, 485 (9th Cir. 2000). Accordingly, if the Supreme Court has not addressed an issue in its holdings, the state court's adjudication of the issue cannot be contrary to, or an unreasonable application of, clearly established federal law.   <u>See</u> <u>Stenson v. Lambert</u>, 504 F.3d 873, 881 (9th Cir. 2007), <u>cert.</u> <u>denied</u>, 129 S. Ct. 247 (2008), <u>citing</u> <u>Kane v. Espitia</u>, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006). "Although only Supreme Court law is binding on the states, our Circuit precedent remains relevant persuasive authority in

determining whether a state court decision is objectively unreasonable." <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003), <u>quoted in Chia v. Cambra</u>, 360 F.3d 997, 1002-03 (9th Cir. 2004).

### C. Petitioner's claims for relief

**1. Petitioner asserts his right to be present at his criminal proceedings was violated.**

For a habeas claim to be considered fairly presented to the state courts as a federal claim, the petitioner must have described both the operative facts and the federal legal theory on which the claim is based to the state courts. <u>See Lounsbury v. Thompson</u>, 374 F.3d 785, 788 (9th Cir. 2004); <u>Kelly</u>, 315 F.3d at 1066. Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, <u>Picard v. Connor</u>, 404 U.S. 270, 277-78, 92 S. Ct. 509, 512-13 (1971), they must do more than present the facts necessary to support the federal claim. <u>See Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

In his state action for post-conviction relief Petitioner asserted that he was absent from many pretrial conferences and that "the court granted continuance(s) and delayed case without Petitioners knowledge, consent, or express knowledge...(sic)" Answer, Exh. D at 5. Petitioner alleged that his absence from pretrial hearings, at which his case was continued, was not voluntary, and that he never knowingly and intelligently waived his right to be present at the hearings. In his pleading in state court, without further explication or

reference to federal law, Petitioner cited his "right to be present at every critical stage of his trial, which is protected by Due Process Clauses of Fifth and Fourteenth Amendment ..." Answer, Exh. D at 7 (citing an Arizona Court of Appeals case).

It is arguable whether Petitioner properly exhausted his habeas claim that he was denied his federal due process right to be present at his criminal proceedings by fairly presenting the claim in the state courts as a federal due process claim. See Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1204 (9th Cir. 2005). General and conclusory references to "due process" do not suffice to exhaust a claim that the petitioner's federal constitutional rights were violated. See Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006) (holding that "general appeals to broad constitutional principles, such as due process ... and the right to a fair trial" do not constitute fair presentation of a federal claim); Castillo, 399 F.3d at 1000-02 (concluding it is not sufficient to engage in "scattershot citation of federal constitutional provisions" without developing "any articulated federal legal theory...").  The undersigned concludes the claim was not properly exhausted because it was not fairly presented to the state courts as a federal constitutional claim.

However, the Court concludes this claim may also be denied on the merits regardless of any failure to properly exhaust, or "fairly present" the claim.

A criminal defendant's federal constitutional right to be present at their criminal proceedings derives from both the

-13-

Sixth Amendment's right to confront witnesses against the defendant and the defendant's right to due process of law pursuant to the Fifth and Fourteenth Amendments. See, e.g., Conner v. McBride, 375 F.3d 643, 654-55 (7th Cir. 2004). The defendant's right to due process is implicated by the occurrence of critical criminal proceedings, such as a trial, without the defendant present as both an observer and a participant. See Snyder v. Massachusetts, 291 U.S. 97, 105-06, 54 S. Ct. 330, 332 (1934). The right to be present is not absolute, but is implicated when the defendant's "presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." Id., 291 U.S. at 105-06, 54 S. Ct. at 332.

A defendant does not have a federal constitutional right to be at a pretrial proceeding "when [his] presence would be useless, or the benefit but a shadow." Id., 291 U.S. at 106-07, 54 S. Ct. at 332-33. See also United States v. Gagnon, 470 U.S. 522, 526-27, 105 S. Ct. 1482, 1484-85 (1985); Ellsworth v. Levenhagen, 248 F.3d 634, 640 (7th Cir. 2001). The defendant must be present at "all *important* steps of the criminal proceeding." Small v. Endicott, 998 F.2d 411, 415 (7th Cir. 1993) (emphasis added). See also La Crosse v. Kernan, 244 F.3d 702, 707-08 (9th Cir. 2001) (holding the United States Constitution does not require the defendant be "present at all stages of the trial," but instead only at "critical" stages). The federal courts have generally held that the absence of a defendant from a pretrial hearing where only preliminary matters

-14-

of a procedural nature are discussed does not violate the defendant's constitutional rights. <u>See</u> <u>Conner</u>, 375 F.3d at 655. <u>See also</u> <u>Gagnon</u>, 470 U.S. at 526-27, 105 S. Ct. at 1484-85; <u>Cohen v. Senkowski</u>, 290 F.3d 485, 489 (2d Cir. 2002); <u>Small</u>, 998 F.2d at 415.[2]

The pretrial hearings from which Petitioner was absent did not bear a reasonably substantial relation to his ability to defend against the charges against him. Accordingly, Petitioner's federal constitutional rights were not violated in this regard. <u>See</u> <u>Sturgis v. Goldsmith</u>, 796 F.2d 1103, 1111 (9th Cir. 1986) (stating the "right of presence, however, does not come into play in a proceeding in which guilt or innocence is not being adjudicated.").

Additionally, Petitioner's due process claim regarding his presence at "critical" stages of his criminal proceedings is a claim based on the alleged deprivation of a constitutional right which occurred prior to the entry of his guilty plea, and any claim predicated on such a violation was waived when he entered his guilty plea. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973); <u>United States v. Bohn</u>, 956 F.2d 208, 209 (9th Cir. 1992); <u>United States v. LoFranco</u>,

_____

[2]

From <u>Snyder</u>, <u>Gagnon</u>, and <u>Stincer</u> emerges the rule that a defendant's right to a fair trial requires his presence at all important steps in the criminal proceeding. Although what qualifies as an important stage of the proceeding will vary from case to case, a defendant need not be present at a pretrial hearing where only preliminary matters of a procedural nature are at stake.

818 F.2d 276, 277 (2d Cir. 1987) ("[W]e agree with the eleventh and fifth circuits, which have held that 'violations of the defendant's rights to a speedy trial' are nonjurisdictional and therefore waived by a guilty plea that does not include a court-approved reservation of the issue."); <u>Becker v. Nebraska</u>, 435 F.2d 157 (8th Cir. 1970) ("A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects[,] ... [and] the right to a speedy trial is non-jurisdictional in nature."); <u>Ralbovsky v. Kane</u>, 407 F. Supp. 2d 1142, 1152-53 (C.D. Cal. 2005) (holding a guilty plea waived the petitioner's claim that counsel was ineffective for failing to appear at arraignments).

**2. Petitioner contends his right to a speedy trial right was violated and that he was subjected to both judicial and prosecutorial misconduct.**

It is arguable whether Petitioner properly exhausted this federal habeas claim in the state courts.  In his state action for post-conviction relief, Petitioner alleged "that his right to speedy trial was and has been violated.(sic)"  Answer, Exh. D at 5.  Petitioner alleged he did not waive any time limits and that he could "meet the criteria set forth in Barker v. Wingo 407 US 514, 532 (1972)."  <u>Id.</u>, Exh. D at 6.

Petitioner also alleged

> [a] state practice permitting the prosecutor to take nolle prosequi with leave, which discharged the accused from custody but left him subject at any time thereafter to prosecution at the discretion of the prosecutor, the statute of limitation being tolled, was condemned as violative of

1      guarantee to right to speedy trial...

2  <u>Id.</u>, Exh. D at 6.

3      Petitioner also alleged in his state Rule 32 action

4  that the trial judge violated his "constitutional rights" and

5  "caused" fundamental and procedural error by failing to enforce

6  court rules, rules of criminal procedure, "Arizona

7  Constitutional Rights; afforded to Petitioner" and "Rule 10.6".

8  <u>Id.</u>, Exh. D at 9.[3]  Petitioner also declared the judge erred by

9  violating Petitioner's speedy trial rights, *inter alia* by

10  continuing his case without Petitioner's knowledge or

11  permission.  <u>Id.</u>, Exh. D at 10.[4]  Petitioner further maintained

12  that his right to a speedy trial could not be waived by any

13  failure to "demand" that right.  <u>Id.</u>, Exh. D at 6.

14      Regardless of whether Petitioner properly exhausted

15  this habeas claim, that his federal constitutional right to a

16  speedy trial was violated, in the state courts, the claim may be

17  denied on the merits because Petitioner waived this claim by

18  voluntarily pleading guilty.  Petitioner's claim of

19  prosecutorial and judicial misconduct is derivative of his

20

21      [3] Rule 8.2(b), Arizona Rules of Criminal Procedure, states:
    Every person held in custody in this state on a
22   criminal charge shall be tried by the court
    having jurisdiction of the offense within 120
23   days from the date of the person's initial
    appearance before a magistrate on the complaint,
24   indictment or information, or within 90 days from
    the date of the person's arraignment before the
25   trial court, whichever is the lesser.

26      [4] Petitioner asserted in his state Rule 32 action that the
    initial trial judge, Judge Klein, recused himself upon defense
27  counsel's motion.  <u>See</u> Answer, Exh. D.

28                          -17-

speedy trial claim; the alleged misconduct is the deprivation of his right to a speedy trial.

The Sixth Amendment's provision of a "right to a speedy and public trial ..." applies to state court proceedings pursuant to the Fourteenth Amendment. See Klopfer v. North Carolina, 386 U.S. 213, 222-23, 87 S. Ct. 988, 993 (1967). However, the federal courts have concluded that a defendant who "knowingly, intelligently and voluntarily" enters a plea of guilty waives the right to challenge his or her conviction on speedy trial grounds, a non-jurisdictional defect. See Tollett, 411 U.S. at 267, 93 S. Ct. at 1608.

The Supreme Court stated in Tollett:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

Id. See also Danks v. Davis, 355 F.3d 1005, 1008 (7th Cir. 2004) (noting the applicability of the rule to unconditional guilty pleas). Compare Doggett v. United States, 505 U.S. 647, 657 n.3, 112 S. Ct. 2686, 2694 n.3 (1992) (noting a Sixth Amendment speedy trial claim was preserved by a conditional guilty plea).

-18-

Additionally, the delay in Petitioner's criminal proceedings was not so lengthy or prejudicial as to implicate his federal constitutional rights. See Stuard v. Stewart, 401 F.3d 1064, 1068 (9th Cir. 2005);[5] Norris v. Schotten, 146 F.3d 314, 328 (6th Cir. 1998).[6]  Accordingly, the claim may be denied on the merits regardless of any failure to properly exhaust the claim.

**3. Petitioner maintains that he was denied his right to the effective assistance of counsel.**

Petitioner asserted in his state action for post-conviction relief that his counsel "had a duty to protect

---

[5]

Though the [state rule of criminal procedure requiring the defendant be brought to trial in 120 days] and the Sixth Amendment both contain the right to a "speedy trial," they mean different things.  The constitutional rule imposes a flexible limit that is far longer than the Arizona rule in most or all cases. The Supreme Court in Barker v. Wingo held that "we cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate." In United States v. Aguirre, we held that "a five year delay is long enough to trigger a further look," but concluded that even the five-year delay in that case did not deprive the defendant of his constitutional right to a speedy trial when all the Barker v. Wingo factors were balanced.

[6]

The Supreme Court has established that the prejudice inquiry must be determined in light of the interests of the defendant that the Sixth Amendment was intended to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532, 92 S. Ct. 2182.

-19-

Petitioner's constitutional rights and to insure that the Rules of Criminal Proceedings were adhered to[]..." Answer, Exh. D at 8. Petitioner alleged his counsel "failed to interview even one witness for defense in the two [and] a half years to prepare for trial...", asserting his "key" defense witness died in November of 2005. Id., Exh. D at 8. Petitioner further alleged his counsel "failed to notify Petitioner of pending court dates throughout criminal proceedings." Id., Exh. D at 9. Petitioner alleged this constituted "a viable claim of ineffectiveness" because he was prejudiced by his counsel's actions. Id., Exh. D at 9. In denying Rule 32 relief based on Petitioner's assertion that his counsel was ineffective, the Maricopa County Superior Court stated: "In fact, the Court recalls that the factual basis for the plea was very powerful and Defendant was well represented by counsel who obtained a plea agreement for a sentence of only 9.75 years." Answer, Exh. E.

It is arguable whether Petitioner fairly presented a claim that his federal Sixth Amendment right to the effective assistance of counsel was violated to the state courts. Petitioner never stated in his pleadings in his action for post-conviction relief that he was bringing a federal Sixth Amendment claim, nor did he cite to any federal case regarding ineffective assistance, notably Strickland v. Washington. However, the claim may be denied on the merits and may be denied because the state court's decision that Petitioner was not deprived of the effective assistance of counsel was not clearly contrary to federal law.

-20-

To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Lambright v. Stewart, 241 F.3d 1201, 1206 (9th Cir. 2001). The petitioner must overcome the strong presumption that his counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are also governed by the doctrine of Strickland. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369 (1985); Fields v. Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992). When a defendant challenges a conviction resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

When a defendant asserts an ineffective assistance claim in connection with a guilty plea, the Supreme Court has explained:

-21-

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

Hill, 474 U.S. at 59, 106 S. Ct. at 370.

Additionally, to succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Id., 474 U.S. at 58, 106 S. Ct. at 369; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

> [A] defendant has the right to make a reasonably informed decision whether to accept a plea offer. In McMann v. Richardson, the seminal decision on ineffectiveness of counsel in plea situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771, 90 S. Ct. 1441. Thus, for [the petitioner] to establish a claim of ineffective assistance, he "must demonstrate gross error on the part of counsel...." Id. at 772, 90 S. Ct. 1441. The Third Circuit has interpreted this standard as requiring a defendant to demonstrate that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer.

-22-

Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (some internal citations and quotations omitted).

Petitioner has not demonstrated that his counsel's performance was deficient or that, but for any alleged deficiency, he would not have pled guilty.  Counsel may properly make a strategic decision to waive his client's speedy trial rights.  See New York v. Hill, 528 U.S. 110, 115, 120 S. Ct. 659, 664 (2000) (holding this in the context of an assertion that counsel was ineffective for waiving a limitation of the Interstate Agreement on Detainers Act).  In this matter Petitioner's counsel clearly found it in Petitioner's best interest to pursue a plea agreement rather than proceed to trial.  See Cox v. Lockhart, 970 F.2d 448, 455 (8th Cir. 1992) ("appellant's present contention that counsel was ineffective for failing to pursue a Sixth Amendment speedy trial claim is equally infirm. It reasonably follows that pursuing the Sixth Amendment speedy trial claim would have presented precisely the same risks as pursuing the state speedy trial claim.").  Petitioner's counsel arranged for a plea agreement which resulted in the dismissal of three counts of fraudulent schemes and artifices, one count of theft of a means of transportation, and two counts of weapons misconduct against Petitioner.  The plea agreement also resulted in the agreement not to file forgery charges against Petitioner arising out of a 2005 Scottsdale police report.

Petitioner's conclusory allegations alone are insufficient to establish that Petitioner would not have pled

-23-

guilty had his counsel not agreed to continue his case at the hearings from which Petitioner was absent.

### D. Voluntariness of plea

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (2005) (internal quotation marks and citation omitted).

For a guilty plea to be considered voluntary and knowing, a defendant must have notice of the nature of the charges against him, including the elements of each crime. See Tanner v. McDaniel, 493 F.3d 1135, 1146-47 (9th Cir. 2007). The defendant must also understand the nature of the three critical constitutional rights that are waived by his plea, i.e., the right to a jury trial, the right to confront his accuser(s), and the privilege against self-incrimination. See id., citing Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 1712 (1969). A defendant must also comprehend the consequences of his plea, including "the range of allowable punishment that will result from his plea." Little v. Crawford, 449 F.3d 1075, 1080 (9th Cir. 2006) (citation omitted), cert. denied, 127 S. Ct. 2945 (2007), quoted in Tanner, 493 F.3d at 1147.

At a plea hearing conducted June 17, 2006, the state trial court discussed "the legal issues and merits of the case with the defendant..." Answer, Exh. B. After discussing the proffered plea agreement, which was set to expire that day,

-24-

Petitioner advised the trial court that he wished to enter a guilty plea. *Id.*, Exh. B. After the state trial court advised Petitioner of the range of possible sentence and of "all pertinent constitutional rights and rights of review," Petitioner entered a guilty plea. *Id.*, Exh. B. On August 18, 2006, Petitioner "knowingly, intelligently and voluntarily waived all pertinent constitutional and appellate rights and entered a plea of guilty." *Id.*, Exh. C.

Petitioner has not established that his guilty plea was unknowing or involuntary. Accordingly, as noted supra, his guilty plea functions as a waiver of all alleged non-jurisdictional defects in his pre-plea proceedings.

### III Conclusion

Petitioner arguably did not properly exhaust his federal habeas claims by fairly presenting them to the Arizona Court of Appeals in his state action for post-conviction relief as federal constitutional claims. Additionally, each of Petitioner's claims may be denied on the merits of the claims.

**THEREFORE, IT IS RECOMMENDED that** Mr. Mancuso's petition be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

-25-

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 13th day of January, 2009.


_____
Mark E. Aspey
United States Magistrate Judge

-26-